**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN TUTTLE,

    Plaintiff,

**v.**                                               Case No.:

UNITED STATES OF AMERICA,

    DEFENDANT,

_____

### COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, JOHN TUTTLE ("TUTTLE"), by and through undersigned files this Complaint against the Defendant, United States of America, and states as follows:

### INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.)* and 28 U.S.C. §1346(b)(l), for negligence in connection with an automobile accident that occurred in Pasco County, Florida.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.)* and 28 U.S.C. §1346(b)(l), for money damages as compensation for personal injuries caused by the negligence of an agent working for the United States Postal Service.

3. Plaintiff TUTTLE has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

4. This suit has been timely filed, in that Plaintiff TUTTLE timely served notice of his claim on the United States of America less than two years after the incident forming the basis of this suit.

*5.*    Over six months have passed since a completed Standard Form 95 was received by United States of America and the Plaintiff has received no final disposition of this claim.

**PARTIES, JURISDICTION AND VENUE**

6.    Plaintiff TUTTLE is, and at all times relevant hereto was, a resident of Pasco County, Florida.

7.    Defendant United States of America, through its agency operates the United States Postal Service located at 38032 Postal Drive in Zephyrhills, Florida.

8.    Jurisdiction is proper under 28 U.S.C. § 1346(b)(l).

9.    Venue is proper under 28 U.S.C. §1402(b) in that all, of the acts and omissions forming the basis of This Federal Tort Claim Action occurred in Zephyrhills, Pasco County Florida which is contained within the Middle District of Tampa.

**COUNT I - NEGLIGENCE**

10.    That on or about March 16, 2023, Plaintiff TUTTLE was riding his electric bicycle travelling northbound on 5th Street approaching the intersection of 4th Avenue in Zephyrhills, Florida.

11.    At all times relevant to this Complaint, Kristine Nicole Ellis was an agent, servant or employee of Defendant United States of America, by and through the United States Postal Service and was operating a 1991 GM mail carrier vehicle owned by the United States Postal Service.

12.    At all times relevant, Kristine Nicole Ellis negligently and carelessly failed to yield entering the intersection at 4th Street and 5th Avenue driving directly into the path of Plaintiff  TUTTLE and violating his right of way.   Kristine Nicole Ellis carelessly and negligently operated and/or maintained the 1991 GM mail carrier vehicle so as to crash into the electric bicycle operated by Plaintiff TUTTLE.

13. At all times relevant to this Complaint, Kristine Nicole Ellis was employed by and/or acting on behalf of the United States of America by and through the United States Postal Service.

14. That at all times material to this Complaint, Kristine Nicole Ellis was an agent, servant or employee of the United States Postal Service and the United States of America would be vicariously responsible for any acts or omissions to the acts of Kristine Nicole Ellis.

15. The 1991 GM vehicle operated by Kristine Nicole Ellis was owned by the United States Postal Service and was operated by Kristine Nicole Ellis with the consent of the United States Postal Service.  Under Florida's dangerous instrumentality doctrine, Defendant United States of America, the State of Florida would be responsible for the operation of its vehicle by Kristine Nicole Ellis.

16. As a direct and proximate result of Defendant's negligence, Plaintiff TUTTLE sustained serious and permanent bodily injuries and has incurred physical pain and suffering, mental anguish, disability, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life the reasonable value and expense of hospital, medical and nursing care and treatment, loss of earnings and loss of earning capacity.

17. That at all times material to this Complaint, Kristine Nicole Ellis was an agent, servant or employee of the United States Postal Service and would be vicariously responsible for any acts or omissions to the acts of Kristine Nicole Ellis.

18. The injuries sustained by Plaintiff TUTTLE are permanent within a reasonable degree of medical probability and the aforesaid damages include past, present and future losses for the remainder of his life expectancy.

19. All conditions precedent to the filing of this Complaint have been satisfied or met.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TUTTLE, does hereby pray that judgment be entered in his favor and against the Defendant as follows:

1)   Five hundred fifty two thousand one hundred sixty dollars and seventy five cents ($552,160.75) the amount demanded in the previously filed Standard Form 95 for physical pain and suffering, mental anguish, disability, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of the life experienced in the past and to be experienced in the future and the reasonable value and expenses of hospital, medical and nursing care and treatment and loss of earnings and loss of earning capacity in the past and to be incurred in the future and property damage.

Plaintiff TUTTLE demands judgment against Defendant United Stated of America, to the extent allowed by law for compensatory damages, taxable costs and all future relief allows by law.

Dated this 12th day of March 2025.

Respectfully submitted,
s/s Todd R. Stern
**Todd R. Stern, Esquire**
Fla. Bar No:  302201
Todd R. Stern, P.A.
P.O. Box 126
Palm Harbor, FL 34682
(941) 999-1293
Attorneys for Plaintiff